**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI CIVIL DIVISION

THEODORE MAXWELL,

        Plaintiff,

v.                                         Case No.:

CARNIVAL CORPORATION,
A Foreign Corporation,

        Defendant.        /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Theodore Maxwell, sues Defendant, Carnival Corporation, for damages and alleges as follows:

1. Plaintiff is a citizen of Georgia and was a passenger aboard the CARNIVAL LIBERTY for a multi-day cruise in September of 2018.

2. Defendant, Carnival Corporation, a foreign corporation, is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation, owned and operated the vessel CARNIVAL LIBERTY. Defendant operated the vessel on a cruise from Port Canaveral, Florida to the Bahamas in September 2018 during the relevant and material times.

4. Diversity Jurisdiction is proper under 28 U.S.C. § 1332. Jurisdiction is also proper under 28 U.S.C. § 1333.

5. Venue is proper under 28 U.S.C. § 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

6. Plaintiff's claim has a value in excess of $75,000.00.

7. Plaintiff, Theodore Maxwell, was a passenger aboard the CARNIVAL LIBERTY ("the vessel") on September 8, 2018.

8. On September 8, 2018, Mr. Maxwell was walking to dinner on Deck 9, the Lido Deck of the vessel. As he walked past one of the restaurants, "Guy's Burger Joint," he noticed a chair was in the middle of the walkway. Plaintiff went to walk around the chair, and suddenly and unexpectedly slipped and fell. After he fell, the Plaintiff noticed that he had slipped in food and liquid that had spilled onto the floor.

9. There were no warning signs or notices posted to warn passengers of the dangerous condition of the food and liquid mess on the floor.

10. At the time Plaintiff fell, there was a crewmember mopping the pool area within a short distance from the location of the spill. The crew mopping the pool could have, and should have, seen the spill from the short distance away and taken reasonable action to clean it up and mark the location of the spill with a sufficient warning.

11. Defendant Carnival owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to his safety. Carnival breached this duty and was negligent by failing to properly inspect, maintain, and keep the flooring clean and dry, in an area where it knew passengers would be walking. This is especially in light of the crew that was mopping nearby.

12. Defendant also had the duty to warn Plaintiff as its passenger of the dangerous condition, because it either knew of the mess and one of its crew placed the chair over the spill instead of a proper warning sign, or it should have known about the dangerous spill because it had been there long enough for another passenger to see the spill, determine it was a hazard, and place a chair over the mess to alert others. It also should have known about the spill because of

its crew mopping by the pool in such a close proximity to the mess. Carnival breached its duty and was negligent by failing to properly warn the Plaintiff of the dangerous condition.

13. As a direct and proximate result of the Defendant's negligence, Plaintiff Theodore Maxwell suffered injuries to his right knee and other parts of his body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Theodore Maxwell, prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated July 23, 2019.

_____
JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Maxwell*