UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23054-BLOOM/Louis

THEODORE MAXWELL,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*a Foreign Corporation*,

    Defendant.
_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion for Reconsideration of Order Granting in Part and Denying in Part Defendant's Motion to Strike and/or *Daubert* Motion to Preclude Plaintiff from Introducing Any Evidence, Testimony or Opinions from Plaintiff's Expert Witness at Trial, ECF No. [58]. Plaintiff Theodore Maxwell ("Plaintiff") filed a response, ECF No. [66] ("Response"), to which Carnival did not file a reply. The Court has carefully considered the Motion, the response, the record in this case. the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

    **I.**    **BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. [55]. On March 18, 2021, the Court entered its Order granting in part and denying in part Carnival's Motion to Strike/*Daubert* Motion, with respect to Plaintiff's expert Randall Jaques. ECF No. [54] ("Order"). In pertinent part, the Court determined that Mr. Jaques' opinions regarding the industry standard or care, including Defendant's own policies on marking and responding to hazardous

spills, were sufficiently reliable and helpful, but that Mr. Jaques would not be permitted to testify regarding his opinions assigning fault to Carnival. *See* Order at 7-9.

In the Motion, Carnival requests that the Court reconsider its Order and exclude Mr. Jaques' opinions regarding the industry standard of care, including Carnival's own policies, on responding to hazardous spills.

## II.     LEGAL STANDARD

"Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment." *Bland v. Alabama*, No. 2:15-CV-0029-MHH-JEO, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citations omitted). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland*, 2016 WL 10930989, at *1 (citing *Stansell*, 771 F.3d at 746).

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l,*

*N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Through this lens, the Court considers the Motion.

### III. DISCUSSION

Carnival argues that because its Corporate Representative, Monica Borcegue, will testify regarding Carnival's spill policies, Mr. Jaques' opinions on such policies should be excluded under Rule 403 of the Federal Rules of Evidence as cumulative. In response, Plaintiff argues that Carnival shows no basis for reconsideration, and that Carnival should not be permitted to reargue the same issue already considered by the Court in the Order.

Upon review, the Motion is due to be denied because Carnival fails to set forth any ground warranting reconsideration. Indeed, Carnival does not address any of the three potential grounds justifying reconsideration, and simply presents an additional argument supporting its earlier request to exclude Mr. Jaques' testimony. However, Carnival has not explained why it failed to

3

make this argument in its original *Daubert* Motion, nor does Carnival assert that it was otherwise unable to do so. A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc.*, 408 F.3d at 763). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)). As a result, Carnival's Motion is improper.

Even so, the Court notes that Carnival fails to make the required showing under Rule 403 to justify exclusion of Mr. Jaques' testimony in any event. A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013) (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010).

Although Carnival contends that Mr. Jaques' testimony will be needlessly cumulative because Ms. Borcegue will be testifying as to Carnival's policies, Carnival's explanation itself demonstrates why Mr. Jaques' testimony in fact will not be cumulative. Notably, Carnival asserts

that Ms. Borcegue will offer testimony regarding housekeeping policies, and that Mr. Jaques' experience in the cruise line industry was as a security and/or safety expert, not in a housekeeping capacity. Therefore, Mr. Jaques' testimony will not be cumulative to the testimony of Ms. Borcegue. As the Court previously noted in its Order, Mr. Jaques' opinions and testimony on cruise safety practices when marking and warning of hazardous spills and Defendant's spill policies are beyond the common knowledge of the average lay person. *See* Order at 9. In addition, Mr. Jaques' perspective based on his experience as a security and/or safety expert in the cruise industry will be helpful to the jury's understanding of the applicable standard of care.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Carnival's Motion, **ECF No. [58]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record